■ GEORGE RACHLIN et al., Appellants, v CITY OF LONG BEACH et al., Respondents. JACOB HERSHON et al., on Their Own Behalf and on Behalf of All Others Similarly Situated, Appellants, v CITY OF LONG BEACH et al., Respondents. HARRY L. BROWN et al., Appellants, v CITY OF LONG BEACH et al., Respondents.—In three actions, jointly tried and consolidated for appeal, to declare certain ordinances and resolutions of the City of Long Beach, and a special assessment levied thereunder, null and void, the appeals are from three judgments (one in each action) of the Supreme Court, Nassau County, each dated May 12, 1976, and each of which declared the ordinances, resolutions and special assessment involved to be constitutional and valid. Judgments affirmed, without costs or disbursements, upon the opinion of Mr. Justice Pittoni at Special Term. We would merely add that the recent decision of the Court of Appeals in *Cummins v United States Life Tit. Ins. Co. of N. Y.* (40 NY2d 639) did not even purport to determine the validity of this special assessment or any of the underlying proceedings, ordinances or resolutions. Martuscello, J. P., Titone and Cohalan, JJ., concur; Suozzi, J., dissents and votes to reverse the judgments appealed from and to remand the matters to the respondent City Council of the City of Long Beach for the purpose of making a new special assessment, with the following memorandum: The issue presented on this appeal is the validity of a special assessment to defray the cost of construction of certain canal bulkheads in the City of Long Beach. On July 6, 1965 the Long Beach City Council adopted an ordinance to raise revenue to defray the cost of the project. This

ordinance provided, in pertinent part, that 65% of the cost of construction of the bulkheads on the east side of three canals was to be paid for by the owners of lots and parcels within the entire canal area (there were approximately 620 homes in that area) and 35% by the city at large. Work on the project commenced in 1967 and continued to 1971, at which time the total cost of the improvements was ascertained. On November 3, 1971 the city council passed a resolution which fixed the final assessment for the project. The resolution imposed 65% of the cost of bulkheading against the abutting property owners on the easterly side of the canals (there were 81 homes in that area) instead of apportioning it over the entire canal area as provided for in the ordinance passed in 1965. Plaintiffs are some of those 81 homeowners. Although I join with my colleagues in rejecting plaintiffs' procedural challenges to the 1971 resolution, I am, nevertheless, of the view that the 1971 special assessment is unfair and inequitable and that a new assessment is in order. Under the 1971 assessment, the 81 abutting property owners on the easterly side of the canals were obligated to pay 65% of the cost of the bulkhead work and then to pay again, as part of the general taxpaying public, for the remaining 35%. However, there was substantial and persuasive evidence adduced at the hearing to indicate that the bulkhead work would benefit all of the property owners of the canal area. Although there is no doubt that the 81 abutting property owners on the easterly side of the canals benefited most directly from the work, the imposition upon them alone of 65% of the cost of the work appears inordinately high. A new assessment, which would saddle all of the homeowners in the canal area with all, or at least some part, of this 65% figure, would be a more equitable approach in my view than imposing all of it on the 81 abutting landowners.